UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| In Re: | Case No. 3:19-bk-31280-SHB |
| TERRY BERNARD BLACK<br>YOLANDA DENISE BLACK, | Chapter 13 |
| DEBTOR(S). | |

## NOTICE OF HEARING

**Notice is hereby given that:**

A hearing will be held on the Motion to Reconsider the Order Disallowing Claim of **WELLS FARGO BANK, N.A., as Trustee for Park Place Securities, Inc. Asset-Backed Pass-Through Certificates Series 2004-WHQ2 (Claim 7), on October 16, 2019 at 1:30 P.M. in United States Bankruptcy Court, Howard H. Baker Jr. U.S. Courthouse, 800 Market Street, Suite 330, Knoxville, TN 37902.**

**Your rights may be affected**. **You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

**If you do not want the court to grant the relief requested, you or your attorney must attend this hearing. If you do not attend the hearing, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.**

**MOTION TO RECONSIDER THE ORDER DISALLOWING THE CLAIM OF WELLS FARGO BANK, N.A., AS TRUSTEE FOR PARK PLACE SECURITIES, INC. ASSET-BACKED PASS-THROUGH CERTIFICATES SERIES 2004-WHQ2 (CLAIM 7); REGARDING REAL PROPERTY LOCATED AT 4501 GREEDALE ROAD, KNOXVILLE, TENNESSEE 37918**

Comes now PHH Mortgage Corporation ("PHH"), as servicer for WELLS FARGO BANK, N.A., as Trustee for Park Place Securities, Inc. Asset-Backed Pass-Through Certificates Series 2004-WHQ2 ("Creditor"), pursuant to 11 U.S.C. 502(j) and FRCP 60(b)(6), made applicable by FRBP 3008 and FRBP 9024, and request that the Order Disallowing Claim 7 entered on August 26, 2019 (Docket No. 44) be set aside.

In support of this motion, PHH states and shows as follows:

**BACKGROUND**

Upon information and belief, Debtors executed a Note and Deed of Trust on September 28, 2004 in the amount of $135,900.00 to Argent Mortgage Company, LLC. The Note and Deed of Trust ("Exhibit A") have subsequently been assigned to Creditor, as identified by the supporting documentation and loan history filed in Claim 7-1 ("Exhibit A") on the Court's Claims Register.

On July 10, 2008 Debtors filed a prior bankruptcy case (Case No. 3:09-bk-32973-rs). In the 2008 bankruptcy the Debtor's listed in their petition ("Exhibit B") 4501 Greendale Road, Knoxville, TN ("the Property") as their primary residence. Additionally, the Debtors listed in Schedule D of their petition both a first and second mortgage as liens on the Property. The Debtors listed "HomeEq Servicing" as the creditor for the first mortgage and did not dispute the validity of the mortgage claim. Debtors estimated a claim to be filed by the first mortgage in the amount of $130,163.00. In addition, on September 3, 2008 the Debtors voluntarily executed a reaffirmation agreement ("Exhibit C") in the amount of $130,357.67, listing this same Creditor as lienholder. In Part B of the reaffirmation agreement, in which the Debtors specifically executed, they provide a description of the credit agreement being reaffirmed as "Note and Mortgage executed on September 28, 2004". On behalf of the Creditor the reaffirmation agreement was executed by Barclays Capital Real Estate Inc, dba HomeEq Servicing, as Attorney in Fact for Creditor.

In the 2008 bankruptcy case, the Debtors were represented by counsel Justin A. Brackett of Knoxville, TN. Additionally, Debtors' current counsel John P. Newton, Jr., was the Chapter 7 Trustee in that same bankruptcy case. At no time prior to the discharge in the 2008 bankruptcy case did counsel for Debtor or Trustee Newton seek an avoidance action against any creditor for fraud or forgery as it relates to this mortgage claim. Further, the 2008 case was never reopened by any party seeking to avoid the lien by Creditor. Upon information and belief, since the execution of the Note and Deed of Trust in 2004, no action has been taken by Debtor in state or federal court seeking to avoid lien of creditor. Alternatively, as reflected in the payment history attached to the Proof of Claim, the Debtors had a payment history of approximately fourteen (14) years in making payments on this mortgage, having their most recent payment applied towards the loan balance in June 2018.

Subsequent to the Debtors' prior bankruptcy, on June 30, 2009, they both executed a Modification Agreement with HomeEq Servicing ("Exhibit D"), the same servicer which executed the reaffirmation agreement in the 2008 bankruptcy case. The modification acknowledges the loan secured by the Note and Deed of Trust executed in 2004. The modification agreement further recognizes that all the covenants, agreements, stipulations and conditions of the 2004 Notice and Deed of Trust remain unmodified and in full force and effect "without any defense, counterclaim, right or claim of set-off." The Debtors acknowledge in the modification that they voluntarily executed the agreement.

On September 27th, 2014, Debtors entered into an Open-Ended Mortgage for purposes of T.C.A. 47-28-103. (THDA Keep My TN Home Program-Foreclosure Prevention Deed of Trust). Debtors received $40,000.00 in Keep My TN Home Program funds from Tennessee Housing Development Agency ("THDA") to "enable Property Owner to avoid foreclosure of that certain family housing unit located at 4501 Greendale Road, Knoxville, Knox County, Tennessee 37918". The instrument is attached hereto as ("Exhibit E"). On October 24th, 2014, reinstatement funds were paid on the 4501 Greendale Road mortgage in the amount of $6,882.62.

Subsequent to receiving THDA assistance funds the Debtor's continued to make payments on this loan through June 2018.

## ARGUMENT

Pursuant to 11 U.S.C. 502(j) a claim that has been disallowed may be reconsidered for cause. 11 U.S.C. § 502(j). A reconsidered claim may be allowed or disallowed according to the equities of the case. *Id*. The procedure for a party seeking reconsideration of a claim is prescribed by Bankruptcy Rule 3008. A party in interest may move for reconsideration of a claim and it may be reconsidered for cause. Fed. R. Bankr. P. 3008. Neither § 502(j), nor Bankruptcy Rule 3008 specify what constitutes "cause." The Sixth Circuit has suggested that relief under Rule 3008 should be liberally granted, but it is not without its limits. *See U.S. Bank N.A. v. United States EPA*, 563 F.3d 199, 208 (6th Cir. 2009). "Bankruptcy courts have wide discretion to determine what constitutes cause for reconsideration of claims under § 502(j)." *Ruskin v. DaimlerChrysler Servs. N. Am., L.L.C. (In re Adkins),* 425 F.3d 296, 308 (6th Cir. 2005).

When reconsidering a final order allowing or disallowing a claim, most reported decisions adopt the standards that apply to a motion for new trial or amendment of judgment under Bankruptcy Rule 9023, which incorporates Federal Rule of Civil Procedure 59, or Bankruptcy Rule 9024, which incorporates Federal Rule of Civil Procedure 60. *See* In Re Bennett, 590 B.R. 156, 160 (Bankr. E.D. Mich 2018). Bankruptcy Rule 9024 governs relief from judgments or orders and dictates that Fed.R.Civ.P. Rule 60(b) applies in cases under the bankruptcy code.

### Rule 60(b)

Rule 60(b) sets forth the criteria for determining whether relief from a federal court's judgment or order is warranted. It provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) **mistake, inadvertence, surprise, or excusable neglect**; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) **fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;** (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b). **Emphasis added.**

### Fraud, Misrepresentations, or Misconduct by an Opposing Party

Fraud is the knowing misrepresentation of a material fact, or concealment of the same when there is a duty to disclose, done to induce another to act to his or her detriment. *Info-Hold, Inc. V. Sound Merch, Inc.*, 538 F.3d 448, 456 (6th Cir. 2008). To establish grounds for relief under Rule 60(b)(3), the moving party need not demonstrate that the adverse party has committed all the elements of fraud specified in the law of the state where the federal court is sitting, but rather must simply show that the adverse party's conduct was fraudulent under this general common law understanding. *Id.* "Misrepresentation" can be interpreted as an affirmative misstatement. *Jordan v. Paccar, Inc.*, 97 F.3d 1452 (6th Cir. 1996).

The Debtors executed a Note and Deed of Trust, assigned to Creditor, approximately fifteen (15) years ago. The Debtors have actively lived in the Property and made ongoing mortgage payments to Creditor throughout their time living in this Property. In 2008 the Debtors represented to the Court, under

penalty of perjury, that there were valid liens on this Property, one of which being the one held by Creditor. Additionally, the Debtors entered into, with advice of counsel, a Reaffirmation Agreement that later acknowledged the legitimacy of this lien and the Debtors' responsibilities and obligations under the terms of the mortgage. The Debtor's then received assistance from Creditor by receiving the benefit of a loan modification, temporarily reducing their monthly payment. The Debtors also applied for, and received, assistance funds from the THDA, relying upon the need to pay this specific mortgage.

At no time, prior to this bankruptcy case, or during, have the Debtors initiated any required action to challenge in state or federal court the legitimacy of the Creditor's lien. The Debtors' current counsel was the standing Chapter 7 Trustee presiding over the 2008 bankruptcy and also did not seek to avoid the lien for the benefit of the estate.

The evidence before this Court weighs heavily in favor of either fraudulent or strong misrepresentations and conduct by Debtors to this Court regarding Creditor's interest in this property, forged loan documentation, and the validity of Creditor's lien.

### Excusable Neglect

The circumstances to be considered when determining what constitutes excusable neglect are: 1) the danger of prejudice to the other party; 2) the length of delay and its potential impact of the proceedings; 3) the reason for the delay; and 4) whether the delay was within reasonable control of the late party; and 5) whether the late party acted in good faith. *Pioneer Inv. Servs. V. Brunswick Assocs. L.P.,* 507 U.S. 380, 395 (1993).

The Debtor faces no prejudice by having this Order reconsidered. The Debtors have recognized the claim of Creditor several times over throughout the course of its fifteen (15) year history. The only party being prejudiced by failure to reconsider the Order disallowing the claim is Creditor, who has reaffirmed, modified, and been subject to the Debtors' delinquent payments. It is merely trying assert its right in the bankruptcy to accept payments, or obtain relief.

Counsel for Debtor and Creditor have already been discussing these same issues in the related objection to confirmation pending before this Court. Whether Debtors' plan requires payment to Creditor

or shall grant it relief from stay is material to the terms of the confirmation order. The Debtors' bankruptcy case has been pending since April 2019, and these same issues were going to be brought up at hearing on confirmation. The length of delay to allow this matter to be heard in the context of a sixty (60) month plan is minimal in relation to its importance to the case.

Creditor filed an objection to confirmation on May 2, 2019 (Docket No. 23). Creditor clearly had the intention of investigating and defending its claim in this case, and the validity of its lien, if necessary. While counsel for Debtors and PHH were discussing these issues now before the Court on this motion, Debtors' counsel filed an objection to claim. Creditor requested from client a referral to defend the claim objection. However, due to a miscommunication between PHH and its counsel, while counsel was already investigating and discussing the same issues on the plan objection, the claim objection went unopposed in error.

Creditor is clearly acting in good faith in these proceedings. Creditor filed a timely claim, as required by the bankruptcy rules, properly evidencing and documenting its lien on the property and the amount owed. It filed an objection to confirmation when it appeared its claim wasn't properly treated. Since the inception of the loan Creditor has voluntarily allowed Debtor to reaffirm this debt, modify it, and reinstate the loan. It is now merely trying to participate in the bankruptcy through the appropriate claims process. It is the Debtors' assertions that the loan documents were forged, years after the commencement of the mortgage, whose good faith appears to be in question considering their previous conduct.

Regarding Creditor's claim, a proof of claim that is timely filed in accordance with §501 is deemed allowed unless a party in interest objects to the claim. 11 U.S.C. § 502(a). Pursuant to Bankruptcy Rule 3001(f) a proof of claim executed and filed in accordance with the bankruptcy rules constitute *prima facie* evidence of the validity and amount of the claim. FED. R. BANKR. P. 3001(f). Once a creditor establishes a *prima facie* valid proof of claim, the party objecting to the claim must then produce evidence rebutting the claim or else the claimant will prevail.

In the instant case, the Debtors produced absolutely no evidence to the Court that Creditor's claim was invalid or that it shall be disallowed. The Debtors' entire objection hinges on a two-sentence argument that the signatures on the loan documentation securing the lien on the property are forged, supported by a one sentence affidavit repeating the same. This incredibly conclusory argument is strongly contradicted by all the supporting loan documentation filed in this case: the Debtors' prior reaffirmation of this debt, loan modification, $40,000.00 in Keep My TN Home Program funds from the THDA, a fifteen-year loan history, and the lack of action the Debtors have taken since the commencement of this loan.

The Debtors have a burden of proof to rebut the validity of Creditor's *prima facie* valid proof of claim. After fifteen years of paying on a mortgage, reaffirming, and never challenging its validity, a one-page objection to a proof of claim lacking any evidence or thorough explanation does not overcome the validity of the claim itself. Creditor's miscommunication on its response to the objection to claim, while dealing simultaneously with the plan objection, should not afford the Debtors the disallowance of Creditor's claim while also being afforded the protection of the automatic stay.

### Conclusion

The misrepresentations, alone, made by Debtor in their objection to claim constitute sufficient grounds to set aside the order disallowing claim of Creditor, and have its claim reinstated. The Debtors' objection, weighed with their prior conduct and history with this loan, is not sufficient grounds to rebut the validity of Creditors longstanding lien and valid proof of claim. The Court has both the authority and discretion under the Code to set aside the Order disallowing Creditor's claim, and the factual circumstances and balance of equitties weigh strongly in favor this Order being vacated.

### RELIEF REQUESTED

WHEREFORE, PHH assert the evidence weighs in favor of setting aside the Order Disallowing its claim, and requests the following relief:

1. That this Court set aside the Order on Objection to Claim 7 (Docket No. 44), and PHH's claim be reinstated;

2. That this Motion and factual circumstances be heard in conjunction with the pending Objection to Confirmation filed by Creditor;

3. That shall this Motion be denied, it be with the contingency that it is only pertaining to PHH receiving payment through the Chapter 13 plan, and any confirmed by this Court provides for relief from the automatic stay be granted to PHH and Creditor as it pertains to the Property;

4. That shall it be deemed necessary; the Court allow time for full discovery of the issues raised by both parties;

5. Any additional relief the Court deems just and proper.

This the 16th day of September 2019.

Respectfully Submitted,

*/s/ Michael G. Clifford*
Michael G. Clifford, Attorney for Creditor, Bar # 028691
mclifford@logs.com |704-517-9154
Shapiro & Ingle, LLP
10130 Perimeter Pkwy, Suite 400
Charlotte, NC 28216
Phone: 704-333-8107 | Fax: 704-333-8156
Supervisory Attorney Contact: Bonnie Culp
bculp@logs.com | 704-249-0065
Electronic Service Notifications: tnecf@logs.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

In Re:  Case No. 3:19-bk-31280-SHB

TERRY BERNARD BLACK  Chapter 13
YOLANDA DENISE BLACK,

    DEBTOR(S).

**CERTIFICATE OF SERVICE**

    I, the undersigned, hereby certify that a true and exact copy of the foregoing Motion for Reconsider of WELLS FARGO BANK, N.A., as Trustee for Park Place Securities, Inc. Asset-Backed Pass-Through Certificates Series 2004-WHQ2 (Claim 7), all exhibits, and proposed order has been electronically served or mailed, postage prepaid on September 16, 2019

(Served via Electronic Notification Only)
John P. Newton, Jr.
Law Offices of Mayer & Newton
1111 Northshore Drive
Suite S-570
Knoxville, TN 37919

Richard M. Mayer
Law Offices of Mayer & Newton
1111 Northshore Drive, Suite S-570
Knoxville, TN 37919

(Served via U.S. Mail)
Terry Bernard Black
4501 Greedale Road
Knoxville, TN 37918

Yolanda Denise Black
4501 Greedale Road
Knoxville, TN 37918

(Served via Electronic Notification Only)
Gwendolyn M. Kerney
Chapter 13 Trustee
P. O. Box 228
Knoxville, TN 37901

(Served via U.S. Mail and ECF)
U.S. Trustee
United States Trustee
800 Market St, Ste 114
Howard H. Baker Jr. U.S. Courthouse
Knoxville, TN 37902

Respectfully Submitted,

*/s/ Michael G. Clifford*
Michael G. Clifford, Attorney for Creditor, Bar # 028691
mclifford@logs.com |704-517-9154
Shapiro & Ingle, LLP
10130 Perimeter Pkwy, Suite 400
Charlotte, NC 28216
Phone: 704-333-8107 | Fax: 704-333-8156
Supervisory Attorney Contact: Bonnie Culp
bculp@logs.com | 704-249-0065
Electronic Service Notifications: tnecf@logs.com