IN THE UNITED STATES BANKRUPTCY COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION AT KNOXVILLE

| | |
|---|---|
| IN RE: ) | |
| ) | |
| TERRY BERNARD BLACK, and ) | Chapter 7 : 19-bk-31280-SHB |
| YOLANDA DENISE BLACK, ) | |
| ) | |
| Debtors. ) | |

## REPLY TO MOTION TO RECONSIDER

Comes now the Debtors, by counsel, and for their Reply would show unto the Court as follows:

### I. Introduction

In a nutshell, this Motion to Reconsider by Wells Fargo Bank, NA (hereafter "Wells") requests that the Court set aside an Order sustaining the Objection to the Claim. The relevant facts are as follows:

First, this is a procedural Motion to reconsider a failure to timely respond and not a resolution of the merits of the Debtors objection to the Claim. The Motion should be denied as there is no basis to "reconsider". The relevant facts are as follows:

1. Prior to the petition in this case, the debtors attempted to resolve this mortgage for a number of years. For example, attached are letters to and from the mortgage company by prior counsel which we'll call Exhibit 1.

2. Just prior to the filing of this petition, counsel herein attempted to stop the foreclosure through communication to counsel for Wells by sending the email string attached hereto as Exhibit 2.

3. The Plan and the Debtors Schedules of record in this case both create an obvious notice to this creditor that they are disputing the claim in this case. At no time can this creditor raise any argument whatsoever that they were not on notice that there is a dispute regarding this debt. Throughout their Motion to Reconsider they attempt to raise this by multiple allegations that they were not aware there was any type of dispute until the Objection was filed. Not true.

4. After the case was underway, Wells counsel was aware of the Plan term. After the creditor filed an Objection to the Plan, the creditor was in Court through counsel and was aware that the Objection to the Claim was filed and served on their client and their firm.

5. For example, on or about August 7, 2019, the creditor through counsel attended Court on the hearing on the Objection to the Plan and was aware that the Debtors had filed an Objection to their Claim which required a Response within the deadline.

6. The creditor is attempting to circumvent the deadline for responding timely by attacking the underlying merits of the Claim objection. The Motion to Reconsider does it address the timeliness of their Response to the objection i.e. why it was late. Rules have consequences in this case and the Rule requiring the creditor to respond timely to the Objection so this case can be resolved and/or confirmed. The Motion arguments do not arise to any type of mistake, inadvertence or excusable neglect whatsoever.

7. Their Motion cites two basis to set aside the Order granting the Objection such as fraud or excusable neglect which addresses the merits of the forgery argument and not the failure to timely answer.

## II. Legal Argument

### A. Rule 60(b)

There is no Rule 60(b) basis whatsoever in this case to set aside this Order whether it's on alternate grounds which Rule 60(b) provides such as mistake, inadvertence, surprise or excusable neglect. This Motion does not qualify because this creditor was under no mistake or surprise as to the Debtor's position in this case as documented above. See *In re Sterling Rubber Products Co.*, 316 B.R. 485 (Bankr. S.D.Ohio, 2004). For a good discussion of Rule 60(b) see also *In re Bennett*, 590 B.R. 156 (Bankr. E. D. Mich., 2018).

The next sub-issue they attempt to raise is fraud, misrepresentations or misconduct by an opposing Party. Although Wells cites historical history of the loan alluding to possible "fraud" the following statement or "allegation" is false on its face, not only as a matter of law, but just on the brief facts asserted by the Debtors in the reply to the Motion. It states on page 5 of 10 as follows:

> At no time, prior to this bankruptcy case, or during, have the Debtors initiated any required action to challenge in state or federal court the legitimacy of the Creditor's lien. The Debtor's current counsel was the standing Chapter 7 Trustee presiding over the 2008 bankruptcy and also did not seek to avoid the lien for the benefit of the estate.
> The evidence before this Court weighs heavily in favor of either fraudulent or strong misrepresentations and conduct by Debtors to this Court regarding Creditor's interest in this property, forged loan documentation, and the validity of Creditor's lien.

There is no basis whatsoever for these arguments. In this case the Debtors clearly made strong, direct and of record statements regarding the forged lien at all times in this case. The creditor conducted no interview at the meeting of creditors in this case and never asked for a 2004 Exam of the Debtors post-petition. The same firm handling the foreclosure was put on notice prior to the foreclosure sale and the petition in this case but refused to cancel the sale based on the Debtors counsel representation there were issues regarding the note. Nevertheless,

that is absolutely no excuse whatsoever under Rule 60(b) to ignore the obvious deadlines for filing a Response to the Objection to their claim. That Response gives them **thirty (30) days** to respond and they did not timely respond nor ask the Court for any extension of time to respond. The response could simply have been we disagree and, had they timely filed it, they would have their "day in court" on their allegations.

### B. Excusable Neglect

Further, there is no Affidavits by any individual with actual knowledge attached to this Motion to Reconsider that supports any of these allegations stated by their attorneys that addresses and supports a late response. Nothing supporting any basis for excusable neglect or any basis whatsoever regarding the record in this case. They simply ignored the deadline and now want the Court to set aside an Order entered well within the terms of the procedural Rules and the terms of Bankruptcy Rules. There is absolutely no basis under Rule 60(b) to set aside this Order. Rule 60(b) excusable neglect standard does not apply to this case because there is no excusable neglect on its face and there is no Affidavit or individual coming forth to state in particular why they should get this relief for not filing a timely response of any kind. They were represented by experienced counsel. Experienced counsel was well aware of the Objection being filed and the basis thereof and they simply did not respond timely to this Objection. Not only that, the Order was entered on August 26, 2019 and more than fourteen (14) days had passed making the Order final and unappealable before they filed a Motion to Reconsider.

## Conclusion

In summary, the creditor has failed to follow procedures and respond so the Order should not be set aside. Since they were well aware of the Debtor's position via the Plan and the Objection to the claim, there is no Rule 60(b) relief as it does not apply to the facts of this case. They are not entitled to argue the merits of their defense to the Note because they failed to file any response to the claim in a timely manner. Wells is well aware of the Rules of procedure and the opportunities that the procedures allow to investigate the Debtor's allegations, but they chose not to take such action whatsoever in this case. A chapter 13 debtor's Plan is entitled to the timeframes that this case allows and the creditor's failure to timely object has consequences. Their Motion herein fails to meet any standards of Rule 60(b) and there is no sworn statement attached explaining why someone, either at the creditor's office or the lawyer's office, dropped the ball. It doesn't meet any of the requirements of such Rule and should be denied on its face.

**DATED:** October 15, 2019

**RESPECTFULLY SUBMITTED BY:**

s/ John P. Newton, BPR # 010817
s/ Richard M. Mayer, BPR # 005534
Attorneys for Debtor(s)
LAW OFFICES OF MAYER & NEWTON
1111 Northshore Drive, Suite S-570
Knoxville, Tennessee 37919
(865)588-5111 Telephone
mayerandnewton@mayerandnewton.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing **Reply to Motion to Set Aside** has been forwarded to the following either electronically or by placing in the United States First Class Mail with sufficient postage to insure delivery this **15th** day of **October 2019.**

| | |
|---|---|
| Tiffany DiIorio<br>Office of U.S. Trustee | (via email) |
| Michael G. Clifford<br>Attorney for Creditor,<br>Shapiro & Ingle, LLP<br>10130 Perimeter Pkwy, Suite 400<br>Charlotte, NC 28216 | (Via ECF) |

s/ John P. Newton
John P. Newton, BPR #010817
Law Office of Mayer & Newton